**SO ORDERED: May 04, 2007.**

_____
**Frank J. Otte**
**United States Bankruptcy Judge**

```
                UNITED STATES BANKRUPTCY COURT
                 SOUTHERN DISTRICT OF INDIANA
                    INDIANAPOLIS DIVISION
```

```
IN RE:                           )
JOSEPH ANDREWS RIETMAN           )    CASE NO.06-01059-FJO-7A
MEGAN LYNN RIETMAN               )
     Debtors                     )
_____)
MICHAEL BARR                     )
ELIZABETH BARR                   )
                                 )
     Plaintiffs                  )
                    vs.          )    Adversary Proceeding
JOSEPH ANDREWS RIETMAN           )    No.  06-50556
MEGAN LYNN RIETMAN               )
     Defendants                  )
_____)
```

## JUDGMENT

This matter came before the Court upon the filing of the Plaintiffs' Complaint on October 2, 2006. The Court held a trial on this matter on May 2, 2007.

The Court hereby incorporates the findings of fact and conclusions of law entered on the record pursuant to Rule 7052 and supplements them with the following entry.

As to the Defendant, Megan Lynn Rietman, the Court finds that the Plaintiffs failed to carry their burden of proof on the complaint. The testimony of the Plaintiff, Michael Barr, confirmed that no statements were made by Megan Lynn Rietman as to the repayment of the loan that was the basis of the allegations as set forth in the complaint. The Complaint itself, although naming both Defendants in the caption, does not allege any activity as to Megan Lynn Rietman which could form the basis of a nondischargability.

Based thereon, it is ORDERED, ADJUDGED and DECREED that judgment be entered in favor of the Defendant, Megan Lynn Rietman and against the Plaintiffs on the Complaint and the Plaintiffs shall take nothing by way of their Complaint as to Megan Lynn Rietman.

As to Joseph Rietman ("Rietman"), the Court finds that he induced Michael Barr to make a loan in the sum of $23,375.69 to the company controlled by Rietman by promising to repay Barr upon receipt of the funds from the Berryman job. The Court finds that Rietman knew at the time he made such statement that it was false, and that he would be using the funds from the Berryman job for other purposes (which he in fact did). Rietman intended to mislead Barr when he made the statement, and Barr justifiably relied on the misrepresentation to his detriment.

Based upon the foregoing, this Court finds that Joseph

Rietman's debt in the sum of $23,375.69 to the Plaintiffs shall be nondischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code.  It is, therefore

ORDERED, ADJUDGED AND DECREED that judgment be entered in favor of the Plaintiffs and against the Defendant Joseph Rietman on the Complaint in the sum of $23,375.69 and said debt is forever NON-DISCHARGEABLE.

####